## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

WINTRUST SPECIALTY FINANCE,                     *
A DIVISION OF BEVERLY BANK & TRUST COMPANY, N.A.
2050 MAIN STREET, SUITE 230                     *
IRVINE, CA 92614
                                                *      Civil Action No.: _____
        *Plaintiff*,                            *

v.                                              *

BARRS TRANSPORTATION INC.                       *
SERVE ON RESIDENT AGENT: JILL BARR
11330-4 ST. JOHNS INDUSTRIAL PARKWAY N.         *
JACKSONVILLE, FLORIDA 32246-6673                *

JILL BARR                                       *
173 INDIAN COVE LANE
PONTE VEDRA BEACH, FLORIDA 32082                *

GLENN BARR                                      *
174 INDIAN COVE LANE
PONTE VEDRA BEACH, FLORIDA 32082                *

        *Defendants*.                           *
    *    *    *    *    *    *    *    *    *    *    *    *    *

## COMPLAINT

Plaintiff, Wintrust Specialty Finance, a division of Beverly Bank & Trust Company, N.A.,

by its attorneys, files this complaint for breach of contract against defendants Barrs Transportation

Inc., Jill Barr, and Glenn Barr (collectively, "Defendants"), and states:

### PARTIES

1.      Plaintiff, Wintrust Specialty Finance ("Wintrust"), is a division of Beverly Bank &

Trust Company, N.A., a national banking association organized under the laws of the United States

of America.  Wintrust has a principal place of business in Chicago, Illinois, and is not a citizen of

Florida for diversity purposes.

2.      Defendant Barrs Transportation Inc. ("Borrower") is a corporation organized under

the laws of the state of Florida with its principal place of business in St. Johns County, Florida.

3.  Defendant Jill Barr ("Ms. Barr") is an individual resident of St. Johns County, Florida.

4.  Defendant Glenn Barr ("Mr. Barr") is an individual resident of St. Johns County, Florida.

## JURISDICTION AND VENUE

5.  The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds seventy-five thousand dollars.

6.  Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b) because the Defendants reside in in this District.

## FACTS COMMON TO ALL COUNTS

7.  On or about December 28, 2017, Borrower entered into a Master Commercial Lease Agreement (Open-End) (the "Lease") with Advantage Funding Commercial Capital Corp. ("Advantage Funding") to lease a 2013 Van Hool T2145 Coach Bus VIN: YETC19B9D2044934, the foregoing together with all cash and non-cash proceeds and proceeds of the foregoing vehicle, all proceeds of insurance thereon, all accessions thereto, all substitutions therefor and all additions thereto (collectively, the "Collateral").  A true and correct copy of the Agreement is attached hereto as **Exhibit 1** and incorporated herein.

8.  Pursuant to the Agreement, Borrower promised to pay to Advantage Funding or its assigns with interest thereon prior to an Event of Default Base Monthly Payments of $4,750.00 for 72 months.  *See* Open End Schedule attached to **Exhibit 1**.

9.  In connection with the extension of financial accommodations to Borrower, each

of Ms. Barr and Mr. Barr unconditionally guaranteed, among other things, the payment and performance of all of Borrower's indebtedness and obligations to Advantage Funding, including those pursuant to the Agreement.  A true and correct copy of the Continuing Guaranty from Ms. Barr (the "Ms. Barr Guaranty") is attached hereto as **Exhibit 2** and incorporated herein. A true and correct copy of the Continuing Guaranty from Mr. Barr (the "Mr. Barr Guaranty") is attached hereto as **Exhibit 3** and incorporated herein.

10.      Article 5 of the Agreement defines an Event of Default under the Agreement as, among other things, the failure of Lessee [Borrrower] to pay rent due under the Lease.

11.      Upon the occurrence of an Event of Default, the entire unpaid total periodic installment for the balance of the Term plus outstanding fees and assessments are at once due and payable.

12.      Collectively, the Agreement, the Ms. Barr Guaranty and the Mr. Barr Guaranty, and all other documents executed in connection with the Agreement are referred to as the "Loan Documents."

13.      By assignment, Wintrust is the holder of the Loan Documents and all rights thereunder, including the right to sue for enforcement thereof.

14.      Borrower defaulted on its payment obligations under the Agreement when it failed to make all required monthly payments when and as due under the Agreement.  Mr. and Ms. Barr defaulted on the Ms. Barr Guaranty and the Mr. Barr Guaranty, respectively, by failing to pay and perform Borrower's obligations to Wintrust following Borrower's default.

15.      On September 1, 2021, Wintrust notified Defendants in writing of, among other things, their defaults under the Agreement, the Ms. Barr Guaranty and the Mr. Barr Guaranty, and demanded payment.  Defendants failed to pay and remain in default.

## COUNT I
### (BREACH OF CONTRACT - BORROWER)

16.     Wintrust realleges and incorporates the foregoing paragraphs of this Complaint as though fully set forth herein.

17.     The Agreement is a valid contract between Borrower and Wintrust.

18.     Borrower breached the Agreement by, among other things, failing to pay Wintrust when and as due thereunder.

19.     As a direct and proximate result of Borrower's breach of the Agreement, Wintrust has suffered and will continue to suffer injury in the amount of at least $349,686.27 together with pre-judgment interest and attorneys' fees incurred in enforcing Wintrust's rights.

WHEREFORE, plaintiff Wintrust Specialty Finance, a division of Beverly Bank & Trust Company, N.A., respectfully requests that this Court enter an order:

A.     Granting judgment in its favor and against Defendant Barrs Transportation Inc. jointly and severally with co-defendants Glenn Barr and Jill Barr, jointly and severally, in the amount of $349,686.27, or in such other amount according to proof, plus reasonable attorneys' fees, interest, costs of this action, and other expenses incurred by Wintrust in enforcing its rights; and

B.     Granting such other and further relief as this cause may require.

## COUNT II
### (BREACH OF CONTRACT- MS. BARR)

20.     Wintrust realleges and incorporates the foregoing paragraphs of this Complaint as though fully set forth herein.

21.     The Ms. Barr Guaranty constitutes a valid and binding contract between Defendant Ms. Barr and Wintrust.

22.     Ms. Barr is in default of the Ms. Barr Guaranty, and therefore has breached its contract with Wintrust.

23.     Wintrust has been damaged by Ms. Barr's defaults under the Ms. Barr Guaranty in the amount of at least $349,686.27 of principal, together with pre-judgment interest and attorneys' fees incurred in enforcing Wintrust's rights.

WHEREFORE, plaintiff Wintrust Specialty Finance, a division of Beverly Bank & Trust Company, N.A., respectfully requests that this Court enter an order:

A.      Granting judgment in its favor and against Defendant Jill Barr, jointly and severally with co-defendants Barrs Transportation Inc. and Glenn Barr, jointly and severally, in the amount of $349,686.27, or in such other amount according to proof, plus reasonable attorneys' fees, interest, costs of this action, and other expenses incurred by Wintrust in enforcing its rights; and

B.      Granting such other and further relief as this cause may require.

**COUNT III**
**(BREACH OF CONTRACT- MR. BARR)**

24.     Wintrust realleges and incorporates the foregoing paragraphs of this Complaint as though fully set forth herein.

25.     The Mr. Barr Guaranty constitutes a valid and binding contract between Defendant Athwal and Wintrust.

26.     Mr. Barr is in default of the Mr. Barr Guaranty, and therefore has breached his contract with Wintrust.

27.     Wintrust has been damaged by Mr. Barr's defaults under the Mr. Barr Guaranty in the amount of at least $349,686.27 of principal, together with pre-judgment interest and attorneys' fees incurred in enforcing Wintrust's rights.

WHEREFORE, plaintiff Wintrust Specialty Finance, a division of Beverly Bank & Trust

5

Company, N.A., respectfully requests that this Court enter an order:

     A.     Granting judgment in its favor and against Defendant Glenn Barr, jointly and severally with co-defendants Barrs Transportation Inc. and Ms. Barr in the amount of $349,686.27, or in such other amount according to proof, plus reasonable attorneys' fees, interest, costs of this action, and other expenses incurred by Wintrust in enforcing its rights; and

     B.     Granting such other and further relief as this cause may require.

Dated: October 14, 2021

                                   Respectfully submitted,


                                 */s/ Mark Edelson*
                                Mark Edelson (Bar No. 96337)
                                Silverman|Thompson|Slutkin|White|LLC
                                201 North Charles Street, Suite 2600
                                Baltimore, Maryland 21201
                                (410) 385-2225
                                (410) 547-2432 (facsimile)
                                medelson@silvermanthompson.com

                                *Attorney for Wintrust Specialty Finance*